A COMPLAINT UNDER THE CIVIL RIGHTS ACT
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DUMAURIEA L. McGEE
_____
Plaintiff

718008
_____
Inmate DOC number

VERSUS

TRENT BARTON, Assistant Warden, Marcus Jones, Major,
Gabriel Hebert Major, John Orr Captain, John Doe (1) Nurse,
ALEX DOE (1) EMT, JANE DOE (1) EMT, JOHN DOE (2) EMT,
John Doe (3), EMT, Darrell Vannoy, Head Warden,
Tim Hooper, Head Warden, Medical Director of LSP,
State of Louisiana through Louisiana Department
of Public Safety and Corrections, LSP
Defendants

RECEIVED

JAN 3 1 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

1/5

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes( ) No(X)

B. If your answer to A is yes, describe each lawsuit in the space below (#1-#7 N/A)

C. Have you had any previously filed federal lawsuits or appeals, wheter or not related to the issues raised in this complaint dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted? Yes( ) No(X)

II. PLACE OF PRESENT CONFINEMENT: Louisiana State Penitentiary

A. Is there a Prisoner grievance ~~Edane~~ procedure in this institution? Yes(X) No( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes(X) No( )

C. If your answer is yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed.
ARP#: LSP-2020-1243, LSP-2020-2758, LSP-2021-2980.

2. What steps did you take? LSP-2020-1243, 1st step response; LSP-2020-2758, steps 1 and 2; LSP-2021-2980, rejected.

3. What was the result? LSP-2020-1243, first step response denied (Property received); LSP-2020-2758, denied relief at both steps 1+2; LSP-2021-2980, rejected, letter to Head Warden (Tim Hooper) with no response, letter to Secretary (James LeBlanc) with no response.

III. PARTIES

A. Name of Plaintiff(s) DUMAURIEA L. McGEE #718008
Address LSP Camp C Jag 3/L #10 Angola, La 70712

B. Defendant Trent Barton is employed as Assistant Warden at Louisiana State Penitentiary.

C. Additional Defendants: Marcus Jones, Major; Gabriel Hebert, Major; John Orr, Captain; John Doe(1), Nurse; Alex Doe (1), EMT; Jane Doe(1)EMT; John Doe (2), EMT; John Doe (3), EMT; Darrell Vannoy, Head Warden; Tim Hooper, Head Warden; Medical Director of LSP; State of Louisiana through Louisiana Department of public Safety and Corrections, LSP

IV. Statement of Claim
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not given any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a seperate paragraph. (use as much space as you need. Attach extra sheets if necessary.)

See Attached Complaint

2/5

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Punitive damages for defendants ensuring Plaintiffs safety and no retaliation thereof. Surgical repair for plaintiffs atrophic left shoulder. Monetary compensation in a fair amount with regards to: a) physical pain and suffering; b) physical injuries; c) For emotional and mental distress, pain and suffering, humiliation, embarrassment, trauma and loss of employment opportunities; d) Medical, hospital and pharmaceutical bills and services past, present, and future; e) inconvenience; f) lost wages; g) all litigation expenses; h) For attorney fees and for costs as may be allowable by law, and; i) for any other relief the court may deem just, equitable and/or decorous

VI. Plaintiffs Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that were frivolous malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this __26th__ day of __January__ , 2022.

X _DuLeonMcGee_    #718008

DuMauriea L. McGee #718008
LSP
CAMP C JAG 3/L #10
Angola, La 70712

3/5

IV. Statement of Claim

1. On or about 3-25-20 Major Marcus Jones transported Plaintiff McGee to REBTC (Prison Hospital) for treatment to the laceration on Plaintiffs forehead.

2. During transport to REBTC Major Jones used unnecessary and excessive force against Plaintiff whom was not resisting and fully subdued/shackled (at wrists and ankles).

3. Upon arrival to REBTC Plaintiff elucidated the injury he sustained during transport with Major Jones, excluding pre-existing forehead laceration, on at least three different occasions; upon arrival to REBTC with Major Jones to Major Jones, to Assistant Warden Trent Barton upon his arrival, and to Nurse, John Doe (1), upon his arrival and interrogation, repeatedly.

4. Plaintiff was neglected adequate medical care and/or pain assessment, only stitched up at the forehead, and immediately dispatched back to his cell quarters.

5. Transport back to quarters was also through Marcus Jones and executed with unnecessary force as if to ensure shoulder injury.

6. Plaintiff made incessant requests for adequate medical care, purporting to his dislocated left shoulder and the procurement of his legal work but was neglected on a ritual basis.

7. These requests were made to every ranking officer that passed by Plaintiffs' Cell. including but not limited to: Major Marcus Jones, Major Gabriel Hebert, Major Peter Lollis, Captain John Orr, Assistant Warden Trent Barton.

8. Eventually, after ritual negligence, Plaintiff was afforded response from EMT, Jane Doe (1), (4-16-20) who physically diagnosed Plaintiff through the cell bars and assured him that his left shoulder is not dislocated and that after plenty rest Plaintiff's shoulder would be fine, she also proclaimed that someone would follow up on Plaintiffs' shoulder progression, further treatment was refused at this time.

9. After more ritual neglect from LSP administration Plaintiff was finally afforded another response from EMT, Alex Doe (1), (5-19-20) where he/she performed the same physical diagnosis through the bars and reassured Plaintiff that his left shoulder is not dislocated and that he/she would have someone follow up on Plaintiffs' shoulder pain. Further treatment was refused at this time.

10. An excess of six months had passed since Plaintiff made initial request for adequate medical care pertaining to his left shoulder atrophy. LSP administration continued to neglect Plaintiffs' requests and the follow up attention that was assured was never afforded.

11. Plaintiff then filed ARP#LSP-2020-2758 adverting to the denial of and/or neglected adequate medical care Plaintiff had been requesting, the forced endurance of 24 hour excruciating pain in left shoulder, and the dire need for adequate medical care.

4/5

12. LSP administration denied all allegations and notifications denying relief at both steps.

13. As a pro-se litigant Plaintiff focused his efforts towards his freedom and his criminal case.

14. After procuring a paid attorney, Plaintiff netted a furtive EMT, John Doe (2), who gave Plaintiff physical diagnosis and assured Plaintiff that his left shoulder is/was not dislocated. He also assured a follow up on the shoulder refusing further treatment at this time (7-19-21).

15. Petitioner was afforded another response from EMT. John Doe(3), (7-30-21) who performed physical examination and reassured Plaintiff that his left shoulder was/is not dislocated and that he would have someone follow up, further treatment was refused at this time. Plaintiff interjected "I've been hearing the same thing for over a year, if it's not dislocated something must be wrong."

16. 8-4-21 Plaintiff visited REBTC for X-Ray, X-Ray operator exclaimed "Its pretty bad. Your shoulder is seperated."

17. Same day subsequent X-Ray during confabulation with Nurse Practitioner Bordelon, he informed Plaintiff that reasonable prompt adeavate medical care would've prevented the need for surgical repair. He also stated that had he attended to it personally at a reasonable time he could've/would've popped the shoulder back into place himself, but because of the accumulation of injuries the shoulder had sustained over time he won't. He scheduled Plaintiff an appointment with ORTHO and MRI at UMCNO.

8. 8-9-21 REBTC visit to ORTHO who told Plaintiff same details as Bordelon, that reasonable prompt adeavate medical care would've prevented the need for surgery. He elucidated Plaintiffs injury, referring to the "ball" in and out of socket, fractures, excess fluid build up, and loss of mobility and stability in the left shoulder area. Temporary duty status was issued. Per orders of Dr. Toce.

19. 8-10-21 UMCNO MRI for Plaintiffs left shoulder.

20. The following week (week of 8-16-21) Nurse Watson of Camp C pulled MRI results and notified Plaintiff of his injury, torn labrum and torn bursitis (B word?) enervating mobility and stability.

21. 9-13-21 REBTC visit where Plaintiff signed contract for surgery and cordial conduct while at UMCNO.

22. 10-4-21 UMCNO X-Ray, appropriate doctor informed Plaintiff that prompt and reasonable adeavate medical care would've prevented the need for surgical repair. Doctor also exclaimed that Plaintiffs left shoulder would never be the same again. He scheduled a CT scan for Plaintiff.

23. 10-13-21 Physical therapy begins at REBTC annex.

24. 11-12-21 Plaintiff at UMCNO for CT scan

25. 1-10-22 Plaintiff at UMCNO where Dr. Stuart elucidated shoulder atrophy and inevitable surgical repair options. Scheduled appointment w/th superior doctors.

A COMPLAINT UNDER THE CIVIL RIGHTS ACT
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DUMAURIEA L. MCGEE
      Plaintiff

718008
     Inmate DOC number

VERSUS

Trent Barton, Assistant Warden; Marcus Jones, Major;
Gabriel Hebert, Major; John Orr, Captain; John Doe(1), Nurse;
Alex Doe(1), EMT; Jane Doe(1) EMT; John Doe(2), EMT;
John Doe(3), EMT; Darrell Vannoy, Head Warden;
Tim Hooper, Head Warden; Medical Director of LSP;
State of Louisiana through Louisiana Department
of Public Safety and Corrections, LSP
      Defendants

1/5

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in State or Federal Court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes( ) No(X)

B. If your answer to A is Yes, describe each lawsuit in the space below. (#1 - #7 N/A)

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted? Yes( ) No(X)

Place of Present Confinement: Louisiana State Penitentiary

A. Is there a Prisoner grievance procedure in this institution? Yes(X) No( )

B. Did you present the facts relating to your complaint in the state Prisoner grievance procedure? Yes(X) No( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed.
ARP #: LSP-2020-1243, LSP-2020-2758, LSP-2021-2980.

2. What steps did you take? LSP-2020-1243, 1st step response; LSP-2020-2758, steps 1 and 2; LSP-2021-2980, rejected.

3. What was the result? LSP-2020-1243, first step response denied (property received); LSP-2020-2758, denied relief at both steps 1 r 2; LSP-2021-2980, rejected, letter to Head Warden (Tim Hooper) with no response, letter to Secretary (James LeBlanc) with no response.

II. Parties

A. Name of Plaintiff(s) Du'Mauriea L. McGee #718008
Address    LSP Camp C Jag 3/L #10 Angola, La 70712

B. Defendant Trent Barton is employed as Assistant Warden at Louisiana State Penitentiary.

C. Additional Defendants: Marcus Jones, Major, Gabriel Hebert, Major, John Orr, Captain; John Doe (1), Nurse, Alex Doe (1), EMT, Jane Doe (1), EMT, John Doe (2), EMT, John Doe (3) EMT, Darrell Vannoy, Head Warden; Tim Hooper, Head Warden, Medical Director of LSP, State of Louisiana through Louisiana Department of Public Safety and Corrections, LSP

2/5

IV.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not given any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a seperate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

                        See Attached Complaint

V.   Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Punitive damages for defendants ensuring plaintiff's safety and no retaliation thereof. Surgical repair for plaintiff's atrophic left shoulder. Monetary compensation in a fair amount with regards to: a) Physical pain and suffering; b) Physical injuries; c) For emotional and mental distress, pain and suffering, humiliation, embarrassment, trauma and loss of employment opportunities; d) Medical, hospital and pharmaceutical bills and services past, present, and future; e) inconvenience; f) lost wages; g) all litigation expenses; h) for attorney fees and for costs as may be allowable by law, and; i) for any other relief the court may deem just, equitable and/or decorous.

VI.   Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis I am responsible for paying the entire filing fee and any cost assessed by the court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred it is my responsibility to keep the court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 26th day of January, 2022.

                        X _____  #718008
                        DuMauriea L. McGhee  #718008
                        LSP
                        CAMP C  JAG 3/L #10
                        Angola, La 70712

CC: made for judicial
    reasons

Enclosed: Motion to Proceed if Forma Pauperis
          w/ certified Statement of Account;
          Hand written copy of Complaint

3/5

Statement of Claim

1. On or about 3-25-20 Major Marcus Jones transported Plaintiff McGee to REBTC (Prison Hospital) for treatment to the laceration on Plaintiffs forehead.

2. During transport to REBTC Major Jones used unnecessary and excessive force against Plaintiff whom was not resisting and fully subdued/shackled (at wrists and ankles).

3. Upon arrival to REBTC Plaintiff elucidated the injury he sustained during transport with Major Jones, excluding pre-existing forehead laceration, on at least three different occasions; upon arrival to REBTC with Major Jones to Major Jones, to Assistant Warden Trent Barton upon his arrival, and to Nurse, John Doe(1), upon his arrival and interrogation, repeatedly.

4. Plaintiff was neglected adequate medical care and/or pain assessment, only stitched up at the forehead, and immediately dispatched back to his cell quarters.

5. Transport back to quarters was also through Marcus Jones and executed with unnecessary force as if to ensure shoulder injury.

6. Plaintiff made incessant requests for adequate medical care, purporting to his dislocated left shoulder and the procurement of his legal work but was neglected on a ritual basis.

7. These requests were made to every ranking officer that passed by Plaintiffs cell, including but not limited to: Major Marcus Jones, Major Gabriel Hebert, Major Peter Lollis, Captain John Orr, Assistant Warden Trent Barton.

8. Eventually, after ritual negligence, Plaintiff was afforded response from EMT Jane Doe (1), (4-16-20) who physically diagnosed Plaintiff through the cell bars and assured him that his left shoulder is not dislocated and that after plenty rest Plaintiffs shoulder would be fine, she also proclaimed that someone would follow up on Plaintiffs shoulder progression, further treatment was refused at this time.

9. After more ritual neglect from LSP administration Plaintiff was finally afforded another response from EMT, Alex Doe (1), (5-19-20) where he/she performed the same physical diagnosis through the bars and reassured Plaintiff that his left shoulder is not dislocated and that he/she would have someone follow up on Plaintiffs shoulder pain. Further treatment was refused at this time.

10. An excess of six months had passed since Plaintiff made initial request for adequate medical care pertaining to his left shoulder atrophy. LSP administration continued to neglect Plaintiffs requests and the follow up attention that was assured was never afforded.

11. Plaintiff then filed ARP# LSP-2020-2758 adverting to the denial of and/or neglected adequate medical care Plaintiff had been requesting, the forced endurance of 24 hour excruciating pain in left shoulder; and the dire need for adequate medical care.

12. LSP administration denied all allegations and notifications denying relief at both steps.

13. As a pro-se litigant Plaintiff focused his efforts towards his freedom and his criminal case.

14. After procuring a paid attorney, Plaintiff netted a furtive EMT, John Doe(2), who gave Plaintiff physical diagnosis and assured Plaintiff that his left shoulder is/was not dislocated. He also assured a follow up on the shoulder refusing further treatment at this time (7-19-21).

15. Petitioner was afforded another response from EMT John Doe (3), (7-30-21) who performed physical examination and reassured Plaintiff that his left shoulder was/is not dislocated and that he would have someone follow up. further treatment was refused at this time. Plaintiff interjected "I've

4/5

been hearing the same thing for over a year, if its not dislocated something must be wrong."

16. 8-4-21 Plaintiff visited REBTC for X-Ray, X-Ray operator exclaimed "Its pretty bad. Your shoulder is seperated."

17. Same day subsequent X-Ray during confabulation with Nurse Practitioner Bordelon, he informed Plaintiff that reasonable prompt adequate medical care would've prevented the need for surgical repair. He also, stated that had he attended to it personally at a reasonable time he could've/would've popped the shoulder back into place himself, but because of the accumulation of injuries the shoulder had sustained over time he won't. He scheduled Plaintiff an appointment with ORTHO and MRI at UMCNO.

18. 8-9-21 REBTC visit to ORTHO who told Plaintiff same details as Bordelon, that reasonable prompt adequate medical care would've prevented the need for surgery. He elucidated Plaintiffs injury, referring to the "ball" in and out of socket, fractures, excess fluid build up, and loss of mobility and stability in the left shoulder area. Temporary duty status was issued. Per orders of Dr. Toce.

19. 8-10-21 UMCNO MRI for plaintiffs left shoulder.

20. The following week (week of 8-16-21) Nurse Watson of Camp C pulled MRI results and notified Plaintiff of his injury, torn labrum and torn bursitis (B word?) enervating mobility and stability.

21. 9-13-21 REBTC visit where plaintiff signed contract for surgery and cordial conduct while at UMCNO.

22. 10-4-21 UMCNO X-Ray, appropriate doctor informed plaintiff that prompt and reasonable adequate medical care would've prevented the need for surgical repair. Doctor also exclaimed that plaintiffs left shoulder would never be the same again. He scheduled a CT scan for plaintiff.

23. 10-13-21 Physical therapy begins at REBTC annex.

24. 11-12-21 Plaintiff at UMCNO for CT scan

25. 1-10-22 Plaintiff at UMCNO where Dr. Stuart elucidated shoulder atrophy and inevitable surgical repair options. Scheduled appointment with superior doctors.

5/5

aauriea L. McGee #718008
ip C Jaguar 3/1 10
isiana State Penitentiary
ola, La 70712

To:

CLerk of The United States
District Court for the
Middle District of Louisiana
777 Florida Street
Suite 139
Baton Rouge, La 70801-1712

LEGAL MAIL

LEGAL MAIL

To: Clerk of The United States
District Court for the
Middle District of Louisiana
777 Florida Street, Suite 139
Baton Rouge, La 70801-1712