Case 3:22-cv-00068-BAJ-RLB   Document 13   08/03/22   Page 1 of 10

SCANNED at LSP and Emailed
8·3·22 by JB . 14 pages
date      initials   No.

RECEIVED
AUG 03 2022
Legal Programs Department

# A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
## 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

Dumanriea L. McGee                           718008
    Plaintiff                           Inmate (DOC) number

VERSUS

Marcus Jones, Major; Trent Barton, Assistant Warden; Gabriel Hebert, Major;

John Orr, Captain; John Doe (1), Nurse; John Doe(2), EMT; Jane Doe(1),

EMT; John Doe (3), EMT; Carlton Nettles, Asst. Warden;

Jeremy McKey, Asst. Warden; Darrell Vannoy, Head Warden; Tim Hooper,

Head Warden; Medical Director of LSP; State of Louisiana through

Louisiana Department of Public Safety and Corrections, LSP; John Doe (5), Physical therapist;
John Doe (6), lieutenant King
    Defendants

## Instructions for Filing Complaint by Prisoners
## Under the Civil Rights Act, 42 U.S.C. §1983

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly the same. In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.**

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( X ) No ( )

    B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1. Parties to this previous lawsuit
        Plaintiff(s): Du'Mauriea L. McGee

        Defendant(s): Trent Barton, Assistant Warden; Marcus Jones, Major; Gabriel Herbert, Major; John Orr, Captain; John Doe(1), Nurse; Alex Doe 1, EMT; Jane Doe(2), EMT; John Doe(3), EMT; Darrell Vannoy, Head Warden; Tim Hooper, Head Warden; Medical Director of LSP; State of Louisiana through Louisiana Department of Public Safety and Corrections, LSP

        2. Court (if federal court, name the district; if state court, name the parish): United States Middle District, Middle District of Louisiana

        3. Docket number: 22-68-BAJ-RLB

        4. Name of judge to whom case was assigned: Richard L. Bourgeois, Jr. United States Magistrate

        5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending, dismissal without prejudice

6. Date of filing lawsuit: 1/31/22

7. Date of disposition: 4/13/22; Pending dismissal without prejudice

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?    Yes ( )    No ( X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
N/A

II. Place of present confinement: Louisiana State Penitentiary

   A. Is there a prisoner grievance procedure in this institution?  Yes ( X ) No ( )

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
      Yes ( X ) No ( )

   C. If your answer is YES:

   1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed.  ARP#:LSP-2020-1243, LSP-2020-2758, LSP-2021-2980

   2. What steps did you take? LSP-2020-1243, 1st Step Response; LSP-2020-2758, steps 1 and 2; LSP-2021-2980, rejected

   3. What was the result? LSP-2020-1243, first step response denied(property received); LSP-2020-2758, denied relief at both steps 1 and 2; LSP-2021-2980, rejected, 2 letters to Head Warden(Tim Hooper),12-7-21& 3-9-22 with no response, 2 letters to Secretary (James LeBlanc), 12-16-21& 4-10-22 with no response

   D. If your answer is NO, explain why not:    N/A

3.

## III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Dumauriea L McGee #718008
   Address LSP Camp C Jag 3/L#10 Angola, La 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Marcus Jones is employed as Major

at Louisiana State Penitentiary.

C. Additional Defendants: Trent Barton, Assistant Warden; Gabriel Hebert, Major; John Orr, Captain; John Doe (1), Nurse; John Doe(2), EMT; Jane Doe(1), EMT; John Doe (3), EMT; Carlton Nettles, Asst. Warden; Jeremy McKey, Asst. Warden; Darrell Vannoy, Head Warden; Tim Hooper, Head Warden; Medical Director of LSP; State of Louisiana through Louisiana Department of Public Safety and Corrections, LSP; John Doe (5), physical therapist; John Doe (6), lieutenant King

*Plaintiff reserves the right to amend the complaint and add or delete defendants if necessary. All defendants hav4 acted under color of state law at all time relevant to this complaint. Each defendant is sued individually and/or in his/her official capacity.*

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

See Attached Complaint

4.

## IV. Statement of Claim (Attached Complaint)

1. On or about 3-25-20 Major Marcus Jones transported plaintiff McGee to REBTC (Prison Hospital) for treatment to the laceration on Plaintiff's forehead.

2. During transport to REBTC Major Jones used unnecessary, malicious and sadistic force against Plaintiff whom was not resisting and fully subdued/shackled at (wrists and ankles) resulting in shoulder injury.

3. Upon arrival to REBTC Plaintiff elucidated the injury he sustained during transport with Major Jones, excluding pre-existing forehead laceration, on at least three different occasions; upon arrival to REBTC with Major Jones to Major Jones, to Assistant Warden Trent Barton upon his arrival, and to nurse John Doe(1), upon his arrival and interrogation, repeatedly; Other officials were seen, including doctor whom treated Plaintiff's forehead. All were explicitly informed of Plaintiff's sustained left shoulder/arm injury as he insisted for X-Rays thereof.

4. Upon information and belief defendant Trent Barton and Darrell Vannoy have been placed on notice of the abusive conduct and malicious acts of defendant Jones by a number of complaints and grievances over many months, but have failed to take disciplinary action against him or otherwise control and/or abate his behavior.

5. Plaintiff was neglected adequate medical care, pain assessment and/or diagnosis, only treated at the forehead, and immediately dispatched back to the cell.

6. Transport back to cell was also through Marcus Jones and executed with the same unnecessary malicious force as if to ensure shoulder injury.

7. Plaintiff made incessant requests for adequate medical care, purporting to his dislocated left shoulder, and the procurement of his legal work but was neglected on a ritual basis

8. These request were made to every ranking officer that passed by Plaintiffs cell, including but not limited to: Major Marcus Jones, Major Gabriel Hebert, Major Peter Lollis, Captain John Orr, Assistant Warden Trent Barton.

(4a

9. Eventually, after ritual negligence, Plaintiff was afforded response from EMT, Jane Doe(1) (4-16-20) who physically diagnosed Plaintiff through the cell bars and assured him that his left shoulder is not dislocated and that after plenty rest Plaintiff's shoulder would be fine. Plaintiff insisted that he see a doctor because his shoulder was dislocated and requested X-Rays and/or that his shoulder be popped back into place. Jane Doe(1) proclaimed that someone would follow up on Plaintiffs shoulder progression. Further treatment was refused at this time. Plaintiff complied with orders.

10. After more ritual neglect from LSP administration Plaintiff was finally afforded another response from EMT, John Doe(2), (5-19-20) where he/she performed the same physical diagnosis through the bars and reassured Plaintiff that his left shoulder is not dislocated. Plaintiff insisted that he see a doctor because his shoulder was dislocated and requested X-Rays and/or that his shoulder be popped back into place. John Doe(2) said that he/she would have someone follow up on Plaintiffs shoulder pain. Further treatment was refused at this time.

11. During Plaintiffs time housed at Main Prison Dungeon (approx. 87 days) and after being assaulted and injured by Major Jones, Plaintiff was compelled with several hostile cellmates even after proclaiming injury and refusing company, posing a hazardous risk towards Plaintiffs safety. Also during this time Plaintiff was placed on the tier directly in front of Major Jones office. Jones continued to neglect Plaintiffs requests for property (legal work) and adequate medical care (for left shoulder) with unnecessary snide intimidating remarks.

12. Plaintiff was then relocated to Camp C Jag 3/Left #10 at which time he received his property and legal work.

13. Lt. King, John Doe(6), worked the tier desk job. Eventually relieved of his duties, Lt. King made rounds with or without other ranking officers. After while Lt. King was moved to night shift where he made the same rounds. Vitriol and tension by Lt. King were palpable to Plaintiff during this time, evinced through scornful unwarranted rubbernecking, snide remarks, and disregard for Plaintiffs requests for attention to his serious medical need (left shoulder).

(4b

14. Vaccinations for Covid-19 were inoculated on Plaintiff's tier (Jag 3/L) the day Plaintiff observed Lt. King and Major Jones consulting with head nods and looks down the tier. Plaintiff has been intimidated by Lt. King, John Doe (6), since his arrival at Camp C.

15. LSP administration continued to neglect Plaintiff's requests and follow up attention that was assured was never afforded. Plaintiff then filed ARP#LSP-2020-2758 adverting to the denial of and/or neglected adequate medical care Plaintiff had been requesting, the forced endurance of 24 hour excruciating pain in left shoulder, and the dire need of adequate medical care.

16. LSP administration and the Department of Public Safety and Corrections denied all allegations and relief at both steps. Prepared and approved by AW's Carlton Nettles and Jeremy McKey, respectively. Signed by the Secretary or his designee.

17. Due to apparent disregard for Plaintiff's safety along with the running time clock on his Post Conviction as a Pro-se litigant Plaintiff focused his efforts towards his freedom and criminal case.

18. After procuring a paid attorney (for criminal case) Plaintiff netted furtive EMT. John Doe (3), who gave Plaintiff physical diagnosis and assured Plaintiff that his left shoulder is/was not dislocated. Plaintiff insisted on X-Rays for his shoulder. John Doe (3) assured a follow up on the shoulder refusing further treatment at this time (7-19-21).

19. Plaintiff with another response from EMT, John Doe (4) (7-30-21), who performed physical examination and reassured Plaintiff that his left shoulder was/is not dislocated. Plaintiff interjected "I've been hearing the same thing for over a year, if it's not dislocated something must be wrong." Plaintiff insisted on X-Rays and remedy, further treatment was refused at this time.

20. 8-4-21 Plaintiff to REBTC for X-Rays on left shoulder.

(4c

21. 8-10-21 MRI for Plaintiff's left shoulder (UMCNO).
22. 10-4-21 UMCNO X-RAYS for Plaintiff's left shoulder.
23. 10-13-21 Physical therapy begins at REBTC annex (approx. once a week). Physical therapist adamantly advocates for no surgical repair, John Doe(5) sessions increase pain and shoulder erosion.
24. 11-12-21 Plaintiff at UMCNO for CT scan.
25. 1-10-22 Plaintiff at UMCNO for consultation with Dr. Stuart. Dr. Stuart elucidated shoulder atrophy and inevitable surgical repair options. Explained that prompt adequate medical care would've prevented the need for surgical repair and/or the severity of it. Saying that everyday innocuous activity was adverse for Plaintiff's shoulder and only increased erosion.
26. Plaintiff to UMCNO for more X-Rays on shoulder (2-21-22).
27. It was not until facts related to this complaint were originally filed ((Jan./Feb.) 2022) that Plaintiff stopped seeing Lt King, John Doe (6), in April 2022.
28. Upon information and belief Lt. King, John Doe (6), is the brother of the Plaintiff's assailant, defendant Marcus Jones.
29. 4-4-22, Plaintiff to UMCNO for CT scan.
30. 6-9-22, Plaintiff to UMCNO for surgery. "Arthroscopy left shoulder glenoid/humerous reconstruction with allograft." Plaintiff is submitted to left arm/shoulder "ultra sling" splint, until further notice. Pain, mobility, range of motion is far worse than prior to surgery. Plaintiff is unable to shower for days and administered intense pain medication.
31. Plaintiff continues to endure 24 hour incessant pain and agony while convalescing his shoulder to proper function.
32. At all times since the assault by defendant Marcus Jones and relevant to this complaint Plaintiff has been forced to endure this pain with difficulty eating, bathing, clothing, and sleeping due to his left shoulder injury.

(4d

33. At all times relevant to this Complaint, since the assault by defendant Marcus Jones in appurtenance with the neglect to provide adequate medical care by all defendants, Plaintiff has been intimidated, helpless, and adversely effected by the imminent danger of his serious physical injury.

34. At all times relevant to this Complaint, since requesting adequate medical care for his dislocated shoulder, Plaintiff has complied and followed all orders given to him by LSP medical personnel as well as UMCNO medical personnel.

35. The actions and omissions of defendant Marcus Jones committing unnecessary excessive sadistic force and malicious acts on the plaintiff resulted with a serious medical need that he was forced to endure (dislocated shoulder). This violates Plaintiffs Eighth Amendment right to the U.S. Constitution, evincing cruel and unusual punishment. These actions also constitute the torts of assault and battery, negligence, and the intentional infliction of emotional distress under the law of Louisiana.

36. The neglect of defendants to take disciplinary and/or other action to curb the known and apparent pattern of physical abuse and malfeasance to inmates by defendant Jones constitute deliberate indifference to Plaintiffs and other prisoner's safety and contributed to and proximately caused the above described violations of the U.S. Const., as well as the torts under Louisiana law.

37. The defendants neglect and delay to provide adequate medical care and diagnosis for Plaintiffs serious medical need (dislocated shoulder), when they were well aware or should have been aware, evince deliberate indifference. These actions or lack thereof continue to violate Plaintiffs Eighth Amendment right to the U.S. Const. and constitute torts of negligence and/or medical malpractice, with the intentional infliction of emotional distress under the law of Louisiana.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true except to matters alleged on information and belief, and as to those, I believe them to be true. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed at Angola, Louisiana on 7-27-22

x _DLeonMcGee_
DuMauriea L. McGee #718008

CC: plaintiff(s);
father;
mother

(4e

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

A. A declaration that the acts and omissions by defendants described herein violated plaintiff's rights under the U.S. Const. + Louisiana state laws;
B. A preliminary and/or permanent injunction ordering defendants to continue plaintiff's physical therapy and any other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration and function of (impaired) shoulders. C. Compensatory damages: I. $75,000 against defendant Marcus Jones for malicious, sadistic excessive force. II. Monetary compensation in a fair amount against each applicable defendant jointly and severally with regards to: 1) deliberate indifference; that caused 2) serious bodily injury; physical pain + suffering 3) mental + emotional injury; pain + suffering, humiliation, fear by intimidation, anxiety, helplessness, trauma; 4) loss of employment oppurtunities; 5) Medical bills past, present, + future; 6) inconvenience; 7) attorney fees + cost allowable by law. D. Punitive damages against each defendant jointly + severally. E. A trial by jury on triable issues. F. Equitable relief

## VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 27th day of July, 2022.

x _Dleon McJef_

Signature of plaintiff(s)

5.