# Department of Public Safety & Corrections
## State of Louisiana
Louisiana State Penitentiary



JOHN BEL EDWARDS
GOVERNOR

JAMES M. LE BLANC
SECRETARY

STATE OF LOUISIANA
WEST FELICIANA PARISH
ANGOLA, LOUISIANA

I hereby certify that the attached documents are TRUE AND CORRECT copies of the originals that are maintained at Louisiana State Penitentiary.

Certified Copy of ARP LSP 2021-2020-2758

Delshadee Scott #153568

Ex-Officio Notary

Department of Public Safety & Corrections/LSP

Date: 11-23-2022

Dumauriea McGee 718008 Case

# ADMINISTRATIVE REMEDY PROCEDURE & PROPERTY CLAIMS

## INPUT SCREEN

CASE NUMBER: LSP-2020-2758
EVACUEE:

DOC #: 718008        BACKLOG:
LAST NAME: MCGEE          FIRST NAME: DUMAURIEA
RECORD TYPE: A     SUBJECT CODE: 0701 - USE OF PHYSICAL FORCE
INCIDENT DATE: ONGOING   SUBJECT TYPE :
LSP Only
LSP RESPONDENT: Med Services Warden

LSP HOUSING: CAMP C

|         | DATE RECEIVED | ACCEPTED DATE | DISPOSITION DATE | DISPOSITION CODE |
|---------|---------------|---------------|------------------|------------------|
| STEP 1: | 10/30/2020    | 11/24/2020    | 12/30/2020       | 02-Denied        |
| STEP 2: | 01/14/2021    | 01/14/2021    | 01/29/2021       | 02-Denied        |

COMPLAINT: //AG/D. McGee v. Trent Barton, et al USDC MD 22-68
IF REJECTED REASON:

10/30/2020

10/30/2020

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
## OFFENDERS RELIEF REQUEST FORM

### CASE NUMBER: LSP-2020 -2758

TO:  <u>DUMAURIEA MCGEE 718008</u>           <u>JAGUAR 3/L</u>
     Offender's Name and Number           Living Quarters


<u>ONGOING</u>
Date of Incident


X                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
issued within 40 days of this date.

REJECTED:  Your request has been  rejected for the following reason(s):


<u>11/24/2020</u>                               <u>Nyesha Davis</u>
Date                                    Warden's Signature or Designee

0701/Cellblock ADMINISTRATIVE REMEDY PROCEDURE
This is A Request For Administrative Remedy Procedure

2020-2758

**RECEIVED**

OCT 30 2020

LEGAL PROGRAMS DEPARTMENT

DUMAURIEA L. M°GEE
# 713008

Date: Ongoing
of
incident

The nature of this complaint is a depiction of the incident in its totality. The incident described is varied in violations and are only mentioned to assist with the facts this grievance is centered upon and cannot be used as multiple complaints to neglect A.R.P.

Additionally, any and all disciplinary action, reports filed and unsigned by my hand, and/or lockdowns will be considered as an act of retaliation, and as a result legal/civil action will be sought.

I hereby state the following, under the penalty of perjury pursuant to 18 USC § 1746 I swear the foregoing is true and correct.

3-25-20 Several ranking officers, including Major Marcus Jones, approached my cell. A small laceration had been formulated on my forehead, subsequently I was to be en route to the hospital for medical treatment. After being restrained at the bars I was removed from the cell and beat unconciously. As I awaken in the middle of the walk, in front of A-Building, I'm being transported to the hospital by a lone Major Jones. My journey to the hospital was met with excessive force and opprobrious malfeasance. Excluding my pre-existing laceration I was now left effete and critically injured. Upon arrival to the hospital I was thrown onto a **bed** and awaited the nurse/doctor with Major Jones. Soon, Warden Trent enters the room and waits as well. He is fully cognizant of the situation. Nurse/doctor enters the room and asks "whats wrong?" I reply, "Everything, I need a full body check-up. I can barely stand let alone walk. I believe I may have broken and/or bruised bones." I was neglected adequate examination, only stitched up and immediately dispatched back to CBD. Same lone transporter, Major Jones, with a journey just as physically depleting as the first.

Onced we reached CBD two more officers came to assist Jones in the lock strap down of my 4-point cell. I was uncombative, yet I

I was injected with an unknown substance a plethora of times.
After saturating in my own toxic waste for an excess of 24 hours I was released from 4-point straps. I lay effete on the floor for an excess of four days, urinating on myself, and eating what I could as I tried to regain my strength.

The strength in my left side (shoulder, arm, hand) was non-existant. I could no longer perform a single push-up, enduring 24 hour constant pain. I informed every ranking officer that passed by my cell of my extreme shoulder pain. I've made multiple medical emergencies and have spoken to several different EMT's on seperate occasions. My sick call/grievance was taken down and according to the EMT's that physically inspected me "It's not dislocated." I have two documented medical emergencies, 4-16-20 + 5-19-20. In both instances I adverted to enduring 24 hour constant shoulder pain. I have yet to be attended to, the pain in my shoulder/arm has yet to cease. My 24 hour pain involves trouble showering, sleeping, clothing, etc... I'm in dire need of medical attention.

## RELIEF REQUESTED

PUNITIVE DAMAGE: Warden Trent: Excessive Malfeasance
" allowing such opprobrious behavior from subordinates whom represent him, neglect to fix or examine my shoulder adequately for a valid synopsis.

MONETARY DAMAGE: - A minimum of $1000.00 for everyday that I am not checked and/or treated for my extreme shoulder pain. Appropiate commencing date 3-25-20, the day Major Jones took me to the hospital. Or-4-16-20, the date of the first medical emergency filed on this situation.
- I would also appreciate if the severity of my injury taken into consideration.

Respectfully Submitted,
X Dumauriea McGee
DUMAURIEA I. McGEE #718008

Date submitted: 10/29/20

CASE NUMBER:  LSP-2020-2758

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  MCGEE, DUMAURIEA 718008                    JAGUAR 3/L
                                                Living Quarters

Response to request dated , received in this office on 10/30/2020

Your request for administrative review of ARP#LSP-2020-2758 has been received. You state that on March 25, 2020, Major Marcus Jones approached your cell, a small laceration had been formulated on your forehead. Subsequently you were to be en-route to the hospital for medical treatment. After being restrained at the bars you were moved from your cell and beat unconscious. As you awaken in the middle of the walk in front of the A-Building. You were being transported to the hospital by Major Jones. Your journey to the hospital was met with excessive force and opprobrious malfeasance. Excluding your pre-existing laceration, you were left critically injured. Upon arrival to the hospital you were thrown onto a bed and awaited the nurse/doctor with Major Jones. You further state that you believe you may have broken and/or bruised bones, you were neglected adequate examination, only stitched up and immediately dispatched back to CBD. Once you reached CBD, you were strap down on four point in your cell.

In response to your Request for Remedy, Captain John Orr stated that the only involvement that he had in this incident was preparing your cell for Security four point restraint. After preparing your cell, you were placed in security four point without incident. At no time did he inject or see anyone inject you with anything. After being let up from security four point, you never voiced any medical complaints to him. Furthermore, Prior to being placed on security four point, medical personnel evaluated you and found that nothing was wrong with you medically. The days following the event, he also never observed you lying on the floor unable to move.

Major Marcus Jones stated that on March 25, 2020, he did escort you to the REBTC due to an intoxication. At no time did he ever use any unnecessary force nor did he take you to the front of the Main Prison A-Bldg.

You have not provided sufficient evidence to support your claims; therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _____
             Carlton Nettles/AWII/lv

Approved by: _____
             Jeremy McKey/AWII/sd

12/30/2020
_____
Date

_____
Unit Head

**Instructions to Offender:** If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( )  I am not satisfied with this response and wish to proceed to Step Two.

Reason:

_____

_____

_____

_____

_____


_____          _____
Date                                Offender's Signature    DOC#

Louisiana State Penitentiary
Angola, Louisiana

# ARP STATEMENT

ARP NUMBER: __2020-2758__          DATE: __11/23/2020__

Inmate's Name and Number: __Dumariea McGee, #718008__

---

*In regards to the above aforementioned Request for Administrative Remedy, I, Captain John Orr, offer the following:*

*The only involvement that I had in this incident was preparing offender McGee's cell for Security 4 Point Restraint. After preparing offender McGee's cell, he was placed in Security 4-Point without incident. At no time did I inject or see any one inject offender McGee with anything.*
*After being let up from Security 4 Point, offender McGee never voiced any medical complaints to me. Furthermore, Prior to being placed on Security 4 Point, Medical Personnel evaluated offender McGee and found that nothing was wrong with him medically. The days following the event, I also never observed offender McGee lying on the floor unable to move. Offender McGee is being untruthful in this ARP.*

*This is for your information and further handling.*

---

John Orr, Captain
MPCB/ B-Team Supervisor

cc:      file

**LOUISIANA STATE PENITENTIARY**
**ANGOLA, LOUISIANA**

**ARP / PC STATEMENT**

| Offender Name: | Demauriea McGee #718008 | ARP # | |
|---|---|---|---|
| | | | **2020-2758** |
| Officer Name: | **Marcus Jones, Major** | | |

| STATEMENT: |
|---|
| In response to ARP 2020-2758, I offer the following. On March 25, 2020, I did escort Offender McGee to the REBTC due to an intoxication. At no time did I ever use Any unnecessary force nor did I take offender McGee to the front of the Main Prison A-Bldg. This is for your information and further handling. |

| | |
|---|---|
| Employee Signature | Date 12/16/20 |
| Marcus Jones, Major | |

Louisiana State Penitentiary • 17~~~ Tunica Trace • Angola, Louisiana 70~~ • Phone 2~5-6~5-~286
ROBERT E. BARROW, JR. TREATMENT CENTER
ACCIDENT INJURY REPORT
VITAL STATISTICS

DATE: 3 , 25 , 2020                                    TIME SEEN: 14 : 30

NAME: Dumauirea McGee          DOC#: 718008     AGE: 29    RACE: B

LIVING QUARTERS: CBD          JOB ASSIGNMENT: Weld 01      LAST TETANUS: _____

| MEDICATIONS: Buspar, Elavil, Benadryl Minipress | ALLERGIES: NKDA |
|---|---|

| DATE OF ACCIDENT: 3-25-20 | TIME OF ACCIDENT: 1400 | ACCIDENT LOCATION: CBD |
|---|---|---|

| TIME: 14:35 | B/P: 136/88 | PULSE: 92 | RESP: 18 | LOC: AAOx4 | TEMP: 98.1 | BS/Sp02: 99% |
| TIME: 15:20 | B/P: 134/85 | PULSE: 88 | RESP: 18 | LOC: AAOx4 | TEMP: 98.2 | BS/Sp02: 99% |
| TIME: : | B/P: / | PULSE: | RESP: | LOC: | TEMP: | BS/Sp02: |

**CHIEF COMPLAINT AND INITIAL ASSESSMENT**

CHIEF COMPLAINT, HISTORY AND ASSESSMENT: Pt 29 y/o/m escorted to SSP DTU by security, after they witnessed him hitting—hund banging his head against the L Wall in his cell. Pt awake, Alert, oriented to person, place and time ₓ 2" laceration noted to forehead, with ₓ 3/4" laceration noted to forehead above ½" laceration. PERLA, Pt is Hollering and Screaming for stitis, ø other S/C trauma noted.

MEDIC SIGNATURE: _____

**PHYSICIAN ASSESSMENT AND TREATMENT**

☐CATEGORY A          ☒CATEGORY B "e"          ☐CATEGORY C
***SEE DEFINITIONS ON THE BACK OF THIS SHEET FOR EXPLANATION OF CATEGORY***

Skull views AP/Lat-Sent to RRG    Neg _____ G. Nottard-came to see Pt.
Mental Health notified @ 1442
to come see Pt.
Mid Forehead - Two Lacerations    7 Staples in One Laceration and
3/4" & 1½" noted                  3 Staples in Other Laceration

Eyes: PERRL EOMs Intact, Neuro: No Deficit not
Lacerations to Mid Forehead - No palpable Fx, no F.B.
noted.

                                  Pt to return to TU on Security 4-Point
☐Duty Status _____           ☐Appointment _____ RTC Security 4-Point Restraint
                                  Schedule NP for Staple Removal in 10 days
☐Diet _____                  ☐Dressing Change _____

                                  PHYSICIAN SIGNATURE: _____

| TIME LEFT: 1527 | TRANSPORTATION: Ambulatory | DESTINATION: RTC 4-Point Restraint |
|---|---|---|

LSP-TC 07     Rev. 04/2018          ACCIDENT/INJURY REPORT          PAGE ____ OF ____

**Life Threatening Inury** - Any injury that threatens a person's life.

**Significant Injury** - Any injury that requires urgent treatment by a doctor and severely restricts the person's ususal activities and requires follow-up by a doctor, with both restricted activity and the doctor follow-up extending for a period of six weeks or more.

**Assault** - Implies physical contact in this context but includes spitting and/or throwing liquids of other substances. An "assault" should be counted as one event if two or three offender are involved, and a "minor" or "major" incident if more than three offenders are involved (depending upon circumstances). If life threatening or significant injury occurs, then the "assault" becomes a Category A or B Incident.

## CATEGORY A INCIDENTS (IMMEDIATE)

a.    Escapes (from secure facilities while in custody or on furlough)
b.    Death by other than natural causes
    (1)    Accident
    (2)    Violence
    (3)    Suicide
    (4)    Execution (no reporting required)
c.    Assaults resulting in life-threatening injury
    (1)    Offender/Staff
    (2)    Offender/Offender
d.    Other
    (1)    Significant damage to property (i.e., fire, flooding or other incident where all or part of facility is unusable as a result of incident)
    (2)    Significant disruption to unit operations/loss or control (hostage situations, work stoppage of large numbers [offender or staff], riots, natural disaster, necessity of tact team/outside assistance, lockdown of all or part of facility, hunger strike of entire facility or multiple housing units
    (3)    Large scale evacuation of all or significant part of the facility
    (4)    Any other large scale/high profile incident as determined by the Warden or his designee

## CATEGORY B INCIDENTS

a.    Apprehension of escapee (from secure facility)
b.    Death from apparent natural causes including illness
c.    Class I Gunshots
    (1)    Shots fired to prevent commission of felony, escape or to prevent an act which could result in death or severe bodily injury to self or another person (not a warning shot).
d.    Assault resulting in significant, but not life-threatening injury
    (1)    Offender/Staff
    (2)    Offender/Offender
e.    Other
    (1)    Use of chemical agents involving a group of offenders
    (2)    Organized multiple hunger strikes (not on institutional or entire housing unit level)
    (3)    Attempted suicide and/or self-mutilation which resulted in significant injury
    (4)    Use of force which results in significant injury to staff or offender
    (5)    Minor disruptions to unit operations (i.e., lock down of groups of offenders, significant water/power outages, small fire, limited property damage where damage is limited to or affects a small part of the facility)
    (6)    Small scale evacuations (i.e., housing unit, gym, kitchen, school)
    (7)    Escape/apprehension from non-secure adult community rehabilitation center or secure local facility
    (8)    Any other small scale/minor incident as determined by the Unit Head
    (9)    Accidental injury resulting in significant, but non-life threatening injury

## CATEGORY C INCIDENTS

a.    Aggravated Sex offenses
    (1)    Class I - Carnal copulation involving at least two parties whether consenting or non-consenting.
    (2)    Class II - As defined by the "Disciplinary Rule and Procedures for Adult Offenders" but not included in 1.a. above.
b.    Class II Gunshots
    (1)    Shots fired into air to alert staff/offenders of incident (a warning shot)
c.    Assaults resulting in physical contact with no significant injury (includes the throwing of substances)
    (1)    Offender/Staff
    (2)    Offender/Offender
d.    Other
    (1)    Furlough violations

## LOUISIANA STATE PENITENTIARY
### R. E. BARROW, JR. TREATMENT CENTER

## NEUROLOGICAL EXAM
### BODY CHART

NAME: _Dumavrien McGee_ DOC#: _718008_    DATE: _3-25-20_





R



L

BACK              PALM

3-Staples          7 Staples



R                    L



L                    R

LSP-TC 12   Rev. 07/2011                    BODY CHART

**LOUISIANA STATE PENITENTIARY**
**R. E. BARROW, JR. TREATMENT CENTER**
**ANGOLA, LOUISIANA 70712**

## AUTHORIZATION FOR SURGICAL TREATMENT

**PLEASE READ THE FORM CAREFULLY.** State law requires us to obtain your consent for your contemplated surgery. What you are being asked to sign is confirmation that we have discussed the nature and purpose of your contemplated operation and the risks associated with it, and that we have answered all of your questions in a satisfactory manner. Ask about anything you do not understand.

1. I hereby authorize ___DR. Crook___ With associates or assistants of his choice to perform upon

___Dumaurica McGee___ ___978005___ the following surgical, diagnostic or medical

procedure ___staples to forehead laceration___

Including any necessary or advisable anesthesia, to include local anesthesia and outpatient anesthesia (i.e. I.V. sedation). I further advise the doctors to perform any other procedure that in their judgment is advisable for my well being. This operation has been explained to me. Alternative methods of treatment, if any, have also been explained to me, as have the advantages and disadvantages of each. I am advised that though good results are expected, the possibility and nature of complications cannot be accurately anticipated and that, therefore, there can be no guarantee as expressed or implied either as to the results of the medical procedure or as to cure.

2. In general terms, the nature and purpose of this operation or medical procedure is:

_____

_____

Some risks (but not all) known to be associated with this procedure, including anesthesia are:

_____

_____

_____

I have been informed of the probability of occurrence of each of the foregoing risks as the result of, or in connection with, the surgical or medical procedure contemplated herein.

I hereby authorize and direct the above named doctor with associates or assistants to provide such additional services as they may deem reasonable and necessary including, but not limited to, the administration of any anesthetic agent, or services of the x-ray department or laboratories, and hereby consent thereto.

I hereby state that I have read and understand the consent, all questions about the procedure(s) have been answered in a satisfactory manner, and that all blanks were filled in prior to my signature. This consent is valid until revoked by me in writing.

SIGNATURE OF PATIENT: ___Verbalized Consent___
___Unable to sign___ DATE: ___5-25-20___

SIGNATURE OF RELATIVE: _____ (where Required)
SIGNATURE OF REPRESENTATIVE: _____ (Where Required)

WITNESS: _____

certify that all blanks in this form were filled in prior to signature and I explained them to the patient or his representative before requesting the patient or his representative to sign it.

_____
Signature of the above named physician

Form HC-01-A
14 September 2009                    Health Care Request Form        Institution: _LSP_

052848

Domenica     Michel   718008    29B  |  CBD L1R        Kild 01
_____
Name                DOC#      Age   |  Housing        Job Assignment:

| OFFENDER TO COMPLETE THIS SECTION ONLY—COMPLAINT AND/OR REQUEST: |
| --- |
| E/W |

Health Care Personnel Screening:  Date: 3-25-20    Time: 12:14    Location Seen: CBD

(Circle One) **Emergency** / Routine Sick Call / Work Related Allergies: _NKDA_

B/P 130/76 _____ Pulse 78 _____ Resp 18 _____ Temp 95.4 _____ Other _____

Assessment/Comment: Pt. 29yo B/m find lying on bed as officer notes Pt
_____

Amitrophyla. Buspire Prazsin Benydryl

| Disposition: | | Health Care Practitioner Notes: |
| --- | --- | --- |
| 5/c | | Continue to monitor as per Extrinic watch directive |
| New Medications Ordered: | | |
| | Total #: | |
| Screener's Signature: LT _____ | | HCP's Signature: _____   Date: _____ |

☑ No Fees  ☐ $3 Access Fee  ☐ $6 Access Fee  ☐ $2 for Each Prescription Fee: $_____  Total: $ 0

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for routine requests for health care services, $6.00 for emergency requests and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation. I am aware that if I declare myself a medical emergency and health care staff determine that an emergency does not exist, I may be subject to disciplinary action for malingering.

unable to sign _____          718008          3-25-20          _____
Offender's Signature              DOC#            Date            Witness Signature

Original - Offender's Medical Record        Yellow - Business Office        Pink - Offender's Copy

CASE NUMBER: LSP-2020-2758

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: MCGEE, DUMAURIEA 718008                    JAGUAR 3/L
                                               Living Quarters

Response to request dated , received in this office on 10/30/2020

Your request for administrative review of ARP#LSP-2020-2758 has been received. You state that on March 25, 2020, Major Marcus Jones approached your cell, a small laceration had been formulated on your forehead. Subsequently you were to be en-route to the hospital for medical treatment. After being restrained at the bars you were moved from your cell and beat unconscious. As you awaken in the middle of the walk in front of the A-Building. You were being transported to the hospital by Major Jones. Your journey to the hospital was met with excessive force and opprobrious malfeasance. Excluding your pre-existing laceration, you were left critically injured. Upon arrival to the hospital you were thrown onto a bed and awaited the nurse/doctor with Major Jones. You further state that you believe you may have broken and/or bruised bones, you were neglected adequate examination, only stitched up and immediately dispatched back to CBD. Once you reached CBD, you were strap down on four point in your cell.

In response to your Request for Remedy, Captain John Orr stated that the only involvement that he had in this incident was preparing your cell for Security four point restraint. After preparing your cell, you were placed in security four point without incident. At no time did he inject or see anyone inject you with anything. After being let up from security four point, you never voiced any medical complaints to him. Furthermore, Prior to being placed on security four point, medical personnel evaluated you and found that nothing was wrong with you medically. The days following the event, he also never observed you lying on the floor unable to move.

Major Marcus Jones stated that on March 25, 2020, he did escort you to the REBTC due to an intoxication. At no time did he ever use any unnecessary force nor did he take you to the front of the Main Prison A-Bldg.

You have not provided sufficient evidence to support your claims; therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _____
                Carlton Nettles/AWII/lv

Approved by: _____
                Jeremy McKey/AWII/sd

12/30/2020

_____
Date

_____
Unit Head

Instructions to Offender:  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason:
I am still unattended and still in need of dire attention.

1/4/21
_____
Date

_____
Offender's Signature    DOC#

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

**RECEIVED**

ARP NUMBER:   LSP - 2020 - 2758

JAN 0 6 2021

RE:   DUMAURIEA MCGEE      718008                       LEGAL PROGRAMS DEPARTMENT

LOCATION:   ___C  Jag  3 / L_____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST
FOR REMEDY NUMBER LSP-2020-2758.

RECEIVED BY:   _____
                          (INMATE'S NAME & NUMBER)

DATE RECEIVED:   _1-5-21_____

DELIVERED BY:   _____

===========================================================================

1.   Have the inmate sign this receipt.

2.   Delivery Officer signs the receipt and dates it.

3.   Give the Inmate the Manila Envelope and contents.

4.   Return the receipt to LEGAL PROGRAMS DEPARTMENT.

DUE BACK DATE

JAN 1 4 2021

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES

### CASE NUMBER:  LSP-2020-2758

### SECOND STEP RESPONSE FORM
### (HEADQUARTERS)

TO: <u>MCGEE, DUMAURIEA   718008</u>
Offender Name and Number

<u>LSP</u>
Living Unit

Received in this Office on 01/14/2020:

Your request for an Administrative review of ARP# LSP-2020-2758 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

All pertinent documentation surrounding your request, which includes statements provided by the security staff, the disciplinary reports issued and your medical records have been reviewed.  None of the documents reviewed support your allegations.  Per your medical records, you were brought to the ATU on 3/25/2020 by medical staff due to your intoxicated state because security staff observed you hollering from your cell and banging your head against the cell bars.  After your assessment was completed, the physician determined that your actions above warranted your placement on 4 point restraints.  Medical opinion is controlling.  In statements from Capt. Orr and Major Jones, they state no use of force was used against your person nor were you injected with any unknown substance.  There is no reason to doubt the credibility of these officer's statement nor your medical records.  You have failed to provide any evidence to substantiate your allegations or to cause us to believe otherwise.  No further investigation or administrative intervention warranted.

Your request for Administrative Remedy is denied.

_____
Date

_____
Secretary's Signature or His Designee

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

INMATE:    718008 DUMAURIEA MCGEE

LOCATION:  C JAG 3/L

## ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE

This will acknowledge receipt of the SECOND STEP response
(SECRETARY'S RESPONSE) OF ARP #LSP-2020-2758 .

RECEIVED BY: _DuMauriea M°Gee_

DATE RECEIVED: _2/22/21_

DELIVERED BY: _MSgt Kenyeh Sin_

=================================================================
PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.    Have the inmate sign and date the second step portion of
      the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
      second step response.
      **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.    Have the inmate sign BOTH AREAS OF this receipt.

3.    Delivery Officer MUST sign receipt and date it.

4.    Give the inmate the contents of the envelope.

5.    Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT