UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DUMAURIEA L. MCGEE (#718008)    CIVIL ACTION

VERSUS

TRENT BARTON, ET AL.    NO. 22-00068-BAJ-RLB

RULING AND ORDER

As set forth in this Court's prior Orders, the sole remaining claim in this *pro se* prisoner action is a claim of excessive force against Defendant Marcus Jones, arising from an alleged assault that occurred on May 25, 2020. (Doc. 44, Doc. 49). Now before the Court is Defendant Jones's **Motion for Summary Judgment (Doc. 88)**, seeking dismissal of Plaintiff's excessive force claim because it is prescribed, or, alternatively, barred by qualified immunity. The Magistrate Judge has issued a **Report and Recommendation (Doc. 99, the "Report")**, recommending that Defendant Jones's Motion be granted solely on the basis that Plaintiff's claim is prescribed because more than one year's worth of untolled time passed between when Plaintiff suffered his injuries (May 25, 2020) and when Plaintiff filed his original Complaint (January 26, 2022). Plaintiff objects to the Magistrate Judge's Report, (Doc. 100); Defendant Jones does not.

Upon *de novo* review, and having carefully considered the operative Amended Complaint, Defendant Jones's motion, Plaintiff's opposition, Plaintiff's objection, the administrative record, and related filings, the Court **APPROVES** the Report and

**ADOPTS** it as the Court's opinion in this matter, subject to the following modifications:

First, Plaintiff initially responded to Defendant Jones's motion with a motion to compel discovery (Doc. 90), and then a request to defer adjudication under Rule 56(d), to afford Plaintiff "an adequate opportunity to complete discovery." (Doc. 91 at 1). The Report does not expressly address these motions. However, upon *de novo* review, this Court determines that no additional discovery is required to address the timeliness of Plaintiff's excessive force claim because the evidence supporting Defendant Jones's prescription defense appears on the face of the certified prison records appended to Defendant Jones's summary judgment Motion, (Doc. 88-6, Doc. 88-7), which were also produced to Plaintiff well before Defendant Jones filed his Motion, (*see* Doc. 51-2, Doc. 51-3). Accordingly, Plaintiff's motion to compel discovery and motion for deferred adjudication will be denied.

Second, Plaintiff admits in his objection to the Magistrate Judge's Report that the alleged assault occurred on March 25, 2020, and does not dispute the Magistrate Judge's computation of time during which the one-year prescriptive period was tolled by prison administrative review, but nonetheless contends that his claim is timely because the ongoing "pain and agony" resulting from his injuries "constitut[es] a continual violation." (*See* Doc. 100 at 3). This argument is a non-starter. Fifth Circuit law states that, in cases such as this, the "constitutional injury was complete on the day the alleged excessive force took place." *Morrill v. City of Denton, Texas*, 693 F.

2

App'x 304, 307 (5th Cir. 2017). Moreover, the Circuit has flatly rejected the argument that an "excessive force" claim may persist "under a 'continuing tort' theory." *Bailey v. Harris*, 120 F.3d 266 (5th Cir. 1997).

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion To Compel Discovery (Doc. 90)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion For Continuance of Defendant's Motion For Summary Judgment (Doc. 91)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Jones's **Motion for Summary Judgment (Doc. 88)** be and is hereby **GRANTED IN PART**, as set forth in the Report.

**IT IS FURTHER ORDERED** and that Plaintiff's sole remaining excessive force claim against Defendant Jones be and is hereby **DISMISSED WITH PREJUDICE** because it is prescribed.

**IT IS FURTHER ORDERED** that all additional pending motions in this action **(Doc. 67, Doc. 91)** be and are hereby **TERMINATED AS MOOT**.

Having now dismissed all claims against all Defendants, judgment will be

3

entered separately.

Baton Rouge, Louisiana, this 19th day of December, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4